**Bender v. Duke Power Co.**

---

GREGG DUANE BENDER v. DUKE POWER COMPANY, A NORTH CAROLINA CORPORATION

No. 8326SC175

(Filed 7 February 1984)

1. **Electricity § 5; Negligence § 8.1— placement of poles close to roadway—no causal connection to falling down of wires broken by lightning**

    The proximity of defendant company's poles to a highway had no causal relationship to the falling down of wires supported by such poles when the poles or the wires were broken by lightning, and therefore the proximity of the poles to the highway, as a matter of law, could not have been the proximate cause of plaintiff's injury.

2. **Electricity § 9; Negligence § 9— inability to reasonably foresee events leading to falling of wire across highway**

    Defendant power company's knowledge that its wires on utility poles at a highway crossing had been previously knocked down by lightning did not lead to the conclusion that the power company could foresee when or where lightning may strike any particular object and that the overhead wires should have been removed and placed under the highway.

    Judge PHILLIPS concurring in the result.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 26 October 1982 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 18 January 1984.

This is an action for negligence. In his original complaint, plaintiff alleged, in summary, that on the afternoon of 3 September 1980, he was driving west on Interstate Highway 85, west of Charlotte, approaching the intersection of I-85 with State Road number 1625. A thunderstorm was in progress. As plaintiff passed the underpass of State Road 1625, defendant's overhead electric wires fell across I-85 in front of plaintiff's vehicle, striking plaintiff's vehicle and causing him to lose control, resulting in a collision in which plaintiff was injured. Plaintiff's allegations of negligence were as follows:

. . .

6. That the Plaintiff's injuries were brought about by the negligence of the Defendant, in that:

(a) It erected electrical lines and poles too close to the public roadway and the Defendant, or its agents, servants, or

employees knew or should have known that this closeness to the highway posed a danger to persons or property using said roadway, that said electrical lines were erected in such a manner and without due regard to the safety of persons passing under them;

(b) It erected electrical lines in such a manner and position, without warning this Plaintiff and other users passing under them that they would be likely to fall at the slightest provocation;

(c) That no warning or precautionary measures of any kind were taken by Defendant to put this Plaintiff, and the public on notice of the danger that lurked to users of the highway passing under said electrical lines, which Defendant, its agents, servants and employees, knew, or should have known, would be likely to fall at the slightest provocation upon persons and property, and particularly this Plaintiff.

. . .

In its answer, as a first defense, defendant asserted that plaintiff's complaint failed to state a claim upon which relief could be granted. In its second defense, defendant denied plaintiff's allegations of negligence and asserted as an affirmative defense that during the thunderstorm, lightning struck and splintered one of the poles supporting the line and knocked the line from its supporting insulator, causing the line to fall onto I-85. Defendant further asserted that the lightning strike was a natural phenomenon which defendant could not have guarded against by any known device or equipment and which defendant was powerless to prevent. Defendant prayed that plaintiff's action be dismissed.

Defendant subsequently moved for summary judgment, supporting this motion by the affidavits of a number of persons. Included in these were the affidavits of Paul W. Morgan, a graduate of Georgia Institute of Technology in Electrical Engineering and a Registered Professional Engineer, employed as a District Engineer for defendant; Vance B. Martin, a graduate of Duke University in Electrical Engineering and a Registered Professional Engineer, employed as Manager of Distribution System Design and Standards for defendant; and James M. McCutchen, a graduate of the University of South Carolina in Electrical

Engineering, formerly employed by the Rural Electrification Administration of the United States Department of Agriculture as Chief of the Distribution Standards and Distribution Engineering Division of REA. These affidavits tended to show that defendant's electric line was safely constructed and that there are no known ways to insure that such lines might not be damaged by lightning.

Plaintiff's affidavits filed in opposition to defendant's motion for summary judgment tended to show that defendant knew that its electric line crossing I-85 at State Road 1625 was struck by lightning and fell across I-85 in 1975.

After filing his opposing affidavits, plaintiff amended his complaint, as follows:

> (d) Plaintiff is informed and believes and so alleges that during 1975, that said lines were struck by lightning and fell across the highway in the same manner as occurred on September 3, 1980, as the Plaintiff passed under said lines; that the Defendant knew or should have known at that time that there was inherent danger to allow the line or lines pass over the highway; that said lines should have been put under the highway and thus prevent any danger to the Plaintiff and others using said highway.

Defendant's motion for summary judgment was allowed and from that judgment, plaintiff has appealed.

*Plumides, Plumides and Shuster, by John G. Plumides, for plaintiff.*

*William I. Ward, Jr. and W. Edward Poe, Jr. for defendant.*

WELLS, Judge.

In his complaint, plaintiff has asserted two theories of negligence, first that defendant placed its poles too close to highway I-85 for safety of highway users, and second, that because of defendant's knowledge that its wires at this I-85 crossing had been previously knocked down by lightning, the overhead wires should have been removed and placed under the highway.

[1] In his brief, plaintiff has not argued his first theory. It deserves scant consideration. Known laws of physics dictate that

when physical objects supported from the earth's surface lose their support, they will fall to the ground. The proximity of defendant's poles to I-85 would have no causal relationship to the falling down of wires supported by such poles when the poles or the wires are broken by lightning, and therefore the proximity of the poles to the highway, as a matter of law, could not have been a proximate cause of plaintiff's injury.

[2]   Plaintiff's second theory must be responded to on principles of foreseeability. As in every negligence case, the threshold questions are duty and proximate cause. At the threshold of duty is foreseeability. If under the circumstances of this case, defendant could have reasonably foreseen that placing its wires over I-85 might result in harm to others, it would be answerable for plaintiff's injury. Plaintiff contends that because lightning had struck these same wires previously and caused them to fall across the highway, defendant could have reasonably foreseen that it would happen again. We cannot agree. While it is clear that defendant could reasonably foresee that lightning could strike its pole lines from time to time, no one can reasonably foresee when or where lightning may strike any particular object. To agree with plaintiff would open a very expensive door. We can take judicial notice that electric lines suspended from poles may be damaged by at least four natural phenomenon over which electric utilities have no control: lightning, wind, ice, and snow. The only way to insure that overhead electric lines crossing public streets or highways might not fall down due to the forces of such natural phenomenon would be to place all such lines underground. The cost of such an undertaking would be so large and hence carry with it such considerations of public policy that it would be entirely inappropriate to establish judicially a precedent for such a requirement.

Because defendant could not have reasonably foreseen the events which led to the falling of its wires across I-85 and plaintiff's injury, defendant was under no duty to place those wires under the highway, and plaintiff was therefore entitled to judgment as a matter of law.

We carefully note that under the circumstances of this case, we do not reach the question of the duty of an electric utility after notice to exercise due care to protect others from the harm

Bender v. Duke Power Co.

which might occur from wires broken or knocked down by the natural phenomenon we have mentioned.

While we support and adhere to the general rule that summary judgment should rarely be granted in negligence cases, *see Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979) and *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979), each case must be decided on its own merits. In this case, the materials before the trial court showed that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law, conclusively establishing the lack of actionable negligence on the part of defendant.

Affirmed.

Judge BRASWELL concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

Though I agree that plaintiff's case was properly dismissed, I do not agree that defendant could not reasonably have foreseen the events leading to its wires falling across the highway and injuring plaintiff. Every year winds blow, lightning strikes, storms come, and power lines in different parts of the state fall across streets and highways endangering or injuring travelers; and, in my view, it required no special powers of prevision on defendant's part to anticipate that the wires involved here might also be affected by one natural force or another and fall across the highway and injure somebody. But every hazard that is foreseeable is not necessarily avoidable through the exercise of reasonable care, and the first element of actionable negligence is a lack of due care. 65 C.J.S. *Negligence* § 2(3). Plaintiff's case was correctly dismissed, I think, because defendant presented plenary evidence to the effect that it exercised due care in arranging, locating, and maintaining its poles and wires, whereas, plaintiff presented no evidence at all to the contrary. Plaintiff's argument that the wires should have been placed underground is no substitute for evidence to that effect, since we do not know and the record does not indicate either that that was the better course or what it would have involved.