EDWARD J. WATTS, AND WIFE JOYCE WATTS v. SCHULT HOMES CORPORATION AND D & R MOBILE HOMES, INC.

No. 8426SC998

(Filed 4 June 1985)

**Negligence § 13.1— electrical fire in mobile home — contributory negligence by homeowner — judgment n.o.v. for manufacturer improper**

> The trial court should not have granted a judgment n.o.v. for defendant and denied plaintiffs a new trial on the basis of contributory negligence where plaintiffs were the joint owners of a mobile home manufactured by defendant; plaintiffs had requested and received service under warranty for a leaky roof; plaintiff husband saw the tv and lights flicker and noticed sparks, smoke and flames coming from the breaker box and drops of water on top of the box; plaintiff husband pulled the main fuses outside the home, called the fire department and notified defendant; defendant made no service call; plaintiff husband again notified defendant that the roof leaked in virtually every room and that drops of water were on top of the power box; plaintiff husband wiped the power box with a rag almost daily; the electricity functioned adequately; and the home was eventually destroyed by a fire determined to have been caused by moisture in the power box. It was undisputed that plaintiffs had no knowledge that moisture can trigger an electrical fire and plaintiffs did not have a specific legal duty under these facts to disconnect the electricity in their home permanently.

APPEAL by plaintiffs from *Snepp, Judge.* Order entered 14 August 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 April 1985.

*Ronald Williams, P.A., for plaintiff appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by John F. Morris and Elizabeth B. Johnson, for defendant appellee.*

WHICHARD, Judge.

Plaintiffs brought suit against defendants for negligence and breach of warranty in the manufacture and sale of a mobile home. The court directed a verdict as to defendant D & R Mobile Homes, Inc., the seller. As to the liability of defendant Schult Homes Corporation (defendant), the manufacturer, the jury found for plaintiffs in the amount of $25,000. On the ground that plaintiffs' claims were barred by the jury's further finding of contributory negligence, the court entered judgment notwithstanding the verdict for defendant. Plaintiffs moved for a new trial pursuant to G.S. 1A-1, Rule 59. From an order denying that motion plaintiffs appeal. We reverse.

A motion for a new trial is addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Glen Forest Corp. v. Bensch*, 9 N.C. App. 587, 589, 176 S.E. 2d 851, 853 (1970); *Horne v. Trivette*, 58 N.C. App. 77, 82, 293 S.E. 2d 290, 293, *cert. denied*, 306 N.C. 741, 295 S.E. 2d 759 (1982). "[H]owever, the appellate courts are limited to the abuse of discretion standard only where the motion involves 'no question of law or legal inference.'" *Seaman v. McQueen*, 51 N.C. App. 500, 505, 277 S.E. 2d 118, 121 (1981) (grant of new trial based upon erroneous legal inference that plaintiff's failure to look to left at intersection was contributory negligence as a matter of law), quoting *Selph v. Selph*, 267 N.C. 635, 637, 148 S.E. 2d 574, 575-76 (1966) (grant of new trial based upon erroneous legal inference that testimony from juror impeaching verdict was competent). In this case, for reasons that follow, we conclude that the court's denial of the motion for a new trial "involves a 'question of law or legal inference' and is therefore subject to reversal for legal error." *Seaman*, 51 N.C. App. at 506, 277 S.E. 2d at 121-22. *See also In re Will of Herring*, 19 N.C. App. 357, 359-60, 198 S.E. 2d 737, 739-40 (1973) ("[W]hen a judge . . . refuses to grant a new trial because of some question of law . . . the decision may be appealed and the appellate court will review it.").

The pertinent facts are as follows:

Plaintiffs are joint owners of a mobile home manufactured by defendant and covered by express limited warranty. On 17 November 1981 the mobile home was destroyed by a fire that origi-

nated above the electrical panel. Plaintiffs were not at home at the time of the fire.

Prior to the fire which destroyed plaintiffs' property, on 11 August 1980, 9 September 1980, 11 October 1980, and 9 December 1980, plaintiff husband requested and received service under the warranty from defendant for a leaky roof. The repairs provided lasted for about a month. On 6 November 1981 plaintiff husband observed the TV and lights flicker. He went to check the breaker box and noticed sparks, smoke, and flames coming from the corner of the box. He also noticed drops of water on the top of the box. In response plaintiff husband pulled the main fuses outside the mobile home and called the fire department. The mobile home was not equipped with a fire extinguisher. Plaintiff husband also notified defendant; a service work order dated 6 November 1981 indicates "Roof leaks, two full ceiling panels, lights flicker." Defendant made no service call in response to this information. On 9 November 1981 plaintiff husband again notified defendant that the roof leaked in virtually every room, that the ceiling panels in the bathroom had fallen in, and that drops of water were on top of the power box. Plaintiff husband wiped the power box with a rag almost daily. Except for the incident on 6 November 1981 the electricity continued to function adequately. On 17 November 1981, in plaintiffs' absence, the mobile home was destroyed by fire determined to have been caused by moisture in the power box.

There was no evidence that plaintiff husband knew that moisture can trigger an electrical fire. Rather, plaintiff husband made the general statement, "I have always heard that power and water do not mix." In answer to the question, "[T]hey cause fires. Right?" plaintiff husband stated, "I don't know. I'm not an expert." The manual that plaintiff received on purchase of the home contained no instructions governing the presence of water on the power box.

The court submitted three issues to the jury on breach of warranty and two on negligence. The issues submitted on breach of warranty were:

(2) Did the defendant breach an implied warranty of merchantability to plaintiffs that the mobile home was safe to

live in and did that breach result in damages to the plaintiffs' property?

. . .

(3) Did the defendant breach an express warranty that the mobile home was free of defects in material and workmanship, and did that breach result in damage to the plaintiffs' property?

. . .

(5) Was the plaintiffs' property damage caused by their unreasonableness in proceeding to use the mobile home after discovering its unreasonably dangerous condition and becoming aware of the danger?

The jury answered each of these issues for the plaintiffs, i.e., "yes" to the first two and "no" to the third.

Interspersed with these issues the court submitted two negligence issues:

(1) Was the plaintiffs' property damaged as a result of the negligence of the defendant?

and

(4) Did the plaintiffs, as a result of their own negligence, contribute to the damage to their property?

The jury answered both questions "yes," thus finding plaintiffs' claim for negligence barred by their own contributory negligence.

The final issue concerned damages:

(6) What amount, if any, are the plaintiffs entitled to recover of the defendant for damage to their property?

The jury found for plaintiffs in the amount of $25,000.

On 2 May 1984 Judge Ferrell, who tried the case, entered judgment notwithstanding the verdict and ordered

that if the judgment notwithstanding the verdict granted herein is vacated or reversed on appeal the Court hereby determines in its discretion that the motion for a new trial should be denied in that the jury answered the Fourth Issue,

as to contributory negligence in favor of the defendant . . . and such contributory negligence of the plaintiffs, the Court finds and concludes as a matter of law [is] a complete bar to any claim or claims of the plaintiffs and an adjudication on the merits of any and all of the plaintiffs' claim or claims.

On 14 August 1984 Judge Snepp entered a final order denying plaintiffs' motion for a new trial.

The final denial of the motion appears based upon the legal conclusion in the original judgment that plaintiffs by their own negligence contributed to the damage to their property. We hold that the issue of contributory negligence was erroneously submitted to the jury in that the evidence was susceptible to only one inference: that plaintiffs' conduct complied with the degree of care which reasonable and prudent persons would have exercised under like circumstances to avoid injury or damage. *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E. 2d 593, 597 (1965). *See gen.* 57 Am. Jur. 2d *Negligence* Sec. 317 at 718 (1971); *see also Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980).

Where the facts are undisputed, as here, and are susceptible of only one inference, the question of contributory negligence is one of law for the court and the court should withdraw the question from the jury. 57 Am. Jur. 2d, *supra*, Sec. 137 at 489; *see Rich v. Electric Co.*, 152 N.C. 689, 693, 68 S.E. 232, 233-34 (1910). It is undisputed that plaintiff husband had no knowledge that moisture can trigger an electrical fire. When on 6 November 1981 plaintiff husband noticed sparks, smoke, and flames coming from the corner of the breaker box he responded by pulling the main fuses outside the mobile home and calling the fire department. The fire department viewed the situation but did not suggest that plaintiffs were in danger or that they should permanently disconnect the electricity to their home. Plaintiff husband continued to inform defendant that the roof leaked throughout the mobile home. Except for the lights flickering on 6 November 1981, the electricity functioned normally. Plaintiffs lived in the mobile home for eleven more days without incident until the fire on 17 November 1981. Plaintiffs were not at home at the time of the fire.

For this evidence to raise an inference of contributory negligence it would have to show that plaintiffs failed to perform some

specific duty required by law in the exercise of ordinary care for their own safety or that of their property. *Smith,* 300 N.C. at 673, 268 S.E. 2d at 507; *Griffin v. Watkins,* 269 N.C. 650, 654, 153 S.E. 2d 356, 359 (1967); *Clark,* 263 N.C. at 343, 139 S.E. 2d at 597. For an omission of plaintiffs to have proximately caused the injury here, plaintiffs, in the face of a foreseeable injury, *Bender v. Duke Power Co.,* 66 N.C. App. 239, 242, 311 S.E. 2d 609, 611-12 (1984), would have to have had a specific legal duty to disconnect the electricity in their home permanently, thus giving rise to a cause of action for constructive eviction. We do not believe that under the facts presented plaintiffs had such a duty.

We therefore reverse the order denying the motion for a new trial, not because of abuse of discretion but because it appears based upon the same error of law that rendered the judgment notwithstanding the verdict erroneous, *Seaman,* 51 N.C. App. at 506, 277 S.E. 2d at 121, to wit, that the evidence raised an issue of fact for the jury as to plaintiffs' contributory negligence. Since the jury found for plaintiffs on the breach of warranty issues, and awarded damages supported by the evidence, the findings are sufficient to sustain the award.

The order denying a new trial is thus reversed, the judgment notwithstanding the verdict is vacated, and the case is remanded for entry of judgment for plaintiffs in the amount of $25,000 in accordance with the verdict.

Order reversed; judgment vacated; case remanded.

Judges JOHNSON and EAGLES concur.