RIVER HILLS COUNTRY CLUB, INC. v. QUEEN CITY AUTOMATIC SPRINKLER CORPORATION

No. 8826SC1264

(Filed 5 September 1989)

Negligence § 13.1 — sprinkler system — failure to drain low points — no expertise by plaintiff — no contributory negligence

In an action to recover for damages sustained when a pipe in plaintiff's sprinkler system froze and burst allegedly because of defendant's negligence in failing to locate and drain a low point in the system, the trial court erred in instructing the jury on the issue of contributory negligence since plaintiff had no duty to know the importance of locating the low points in its sprinkler system.

RIVER HILLS COUNTRY CLUB v. QUEEN CITY SPRINKLER CORP.

[95 N.C. App. 442 (1989)]

APPEAL by plaintiff from *Marvin K. Gray, Judge.* Judgment entered 1 July 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 May 1989.

*Caudle & Spears, P.A., by Thad A. Throneburg and Harry P. Brody, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, P.A., by John Morris and William J. Garrity, for defendant-appellee.*

BECTON, Judge.

Plaintiff, River Hills Country Club, Inc. ("River Hills"), appeals from a jury verdict finding it contributorily negligent for property damage estimated at $28,250. On 22 January 1985, a pipe in the plaintiff's sprinkler system froze and burst, flooding the Cove Room in plaintiff's clubhouse. The jury found defendant, Queen City Automatic Sprinkler Corp. ("Queen City"), negligent and River Hills contributorily negligent. We conclude that the evidence in this case is insufficient to demonstrate contributory negligence and, accordingly, we reverse.

I

Queen City entered into a service contract with River Hills in 1977, agreeing to maintain the country club's already existing dry sprinkler system. A dry sprinkler system differs from a wet one in that it is filled with air instead of water. The owner of a dry system, therefore, does not have to worry about the possibility of water in the pipes freezing during cold weather. To ensure this, however, all low points—regions where a downward sloping pipe meets an upward sloping pipe—must be drained of any water that has collected when the system is flushed. Until January 1985, Queen City serviced and inspected the system twice a year. During these visits, the service technician would, among other things, flush the system with water and drain the low points.

An inspection report completed on 5 December 1984 by Queen City stated that all low points in the system had been drained. In truth, however, one low point, the access to which was hidden by drapery, was not drained. Because the access door was obscured, neither River Hills nor Queen City knew of the low point's existence. As a result, it had never been drained. When the water at that point froze, the pipe broke, thereby lowering the air pressure and releasing water into the Cove Room.

## II

River Hills contends that the trial judge erred by 1) instructing the jury on the issue of contributory negligence and refusing to direct a verdict for plaintiff on the ground that there was insufficient evidence of contributory negligence, 2) instructing the jury on theories of contributory negligence which were not pleaded and which were based on inadmissible testimony, 3) incorrectly instructing on plaintiff's duty, and 4) refusing to set aside the verdict as to contributory negligence or, in the alternative, to grant a new trial on the grounds that the jury's verdict was inherently conflicting. It is necessary to address only the first of these assignments of error to decide the ultimate issue in this case: whether the evidence, taken in the light most favorable to Queen City, was sufficient to carry the issue of contributory negligence to the jury or whether the trial judge should have granted the River Hills' motion for a directed verdict.

"For [the] evidence to raise an inference of contributory negligence it would have to show that plaintiffs failed to perform some specific duty required by law in the exercise of ordinary care for their own safety or that of their property." *Watts v. Schult Homes Corp.*, 75 N.C. App. 110, 115, 330 S.E.2d 41, 43 (1985), *disc. rev. denied*, 314 N.C. 548, 335 S.E.2d 320 (1985). The judge instructed the jury that it was to decide whether River Hills (a) failed to ascertain the location of the low points and advise Queen City of the location of such low points, (b) failed to provide Queen City with information and blueprints from which it could properly ascertain the locations of low points in the building; and (c) failed generally to exercise reasonable care under the existing circumstances. We hold that these instructions were improper because River Hills had no duty to know about the importance of locating low points.

Our Supreme Court has said that:

"[w]hen one undertakes a professional assignment, the engagement implies that he possesses the degree of professional learning, skill and ability which others of that profession ordinarily possess, he will exercise reasonable care in the use of his skill and application of his knowledge to the assignment undertaken, and will exercise his best judgment in the performance of the undertaking."

*Firemen's Mut. Ins. Co. v. High Point Sprinkler Co.*, 266 N.C. 134, 142, 146 S.E.2d 53, 61 (1966) (citation omitted). Queen City held itself out as a professional sprinkler company to River Hills. River Hills hired Queen City to maintain their system and relied on Queen City to do all that was necessary to keep the system working properly. Since locating low points was critical to ensuring a properly operating dry sprinkler system, Queen City had the duty to determine, by blueprints or otherwise, the location of the points before flushing the system with water. They were not relieved of their duty simply because, as they allege, an "unknown" manager of River Hills in 1977 stated that there were no blueprints available at that time.

In *Firemen's Mutual*, our Supreme Court discussed at length the duty of a sprinkler company when undertaking the conversion of a wet system to a dry one. The Court said that:

> [i]n such a situation, knowing that the owner is relying upon him to determine what is necessary to do to the existing system in order to convert it into the system desired, if he, by failure to use due care, omits from his specifications an alteration necessary to avoid danger of damage to the owner's building or other property, he is not absolved from liability for such damage by the fact that the owner accepts his proposal for less than adequate changes in the existing system, the owner being unaware of the condition which makes the proposal inadequate. The duty to use due care to include within the specifications all that is necessary to make the converted system safe continues *into and through the performance of the work.*

*Id.* at 143, 146 S.E.2d at 61-2 (emphasis added). The same standard applies in the instant case when the sprinkler company undertook to maintain an existing dry system.

We disagree with Queen City that the fact that River Hills is a business operated by trained and experienced persons changes their status as lay persons in the field of sprinkler system maintenance. We decline to hold an employer to the same standard of knowledge and care as that of the independent contractor whom the employer hires. We hold that, as a matter of law, River Hills cannot be found' contributorily negligent as River Hills had no duty to know the importance of locating the low points in its sprinkler system.

TALBOT v. N.C. DEPT. OF TRANSPORTATION

[95 N.C. App. 446 (1989)]

III

In a cross-assignment of error, Queen City contends that the trial judge erred by excluding testimony of an expert regarding the standard of care owed by a sprinkler contractor in locating low points. When Queen City attempted to elicit this testimony from its expert at trial, River Hills objected. The judge sustained the objection. Thereafter, Queen City made no offer of proof, and the record fails to disclose what the substance of the expert's evidence might have been. "It is well established that an exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness' testimony would have been had he been permitted to testify." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). *See also* N.C. Gen. Stat. Sec. 8C-1, R. Evid. 103 (1988); N.C. Gen. Stat. Sec. 15A-1446(a) (1988). Since the essential substance of the witness' testimony is not discernible from the record, we hold that Queen City has waived its right to assert this issue on appeal.

IV

The judgment of the trial court regarding the question of River Hills' contributory negligence is reversed, and the case is remanded for trial on the issue of damages.

Reversed and remanded.

Judges PHILLIPS and LEWIS concur.