TERRY LEE TEDDER v. ROBERT F. HODGES, COMMISSIONER, NORTH CAROLINA
DIVISION OF MOTOR VEHICLES

No. COA94-824

(Filed 6 June 1995)

1. **Evidence and Witnesses § 697 (NCI4th)— refusal to take breathalyzer—revocation of driver's license—expert testimony not allowed—summary of testimony—issue preserved for appeal**

A summary of excluded expert testimony was sufficient to preserve the exclusion for appeal in an action arising from the revocation of petitioner's driver's license for refusing to take a breathalyzer test where petitioner claimed that he had a history of bronchitis and could not blow into the machine long enough to provide an adequate sample.

**Am Jur 2d, Trial §§ 436, 445-460.**

**Comment Note.—Ruling on offer of proof as error. 89 ALR2d 279.**

TEDDER v. HODGES

[119 N.C. App. 169 (1995)]

Construction of provision of Rule 43(c) of the Federal Rules of Civil Procedure, and similar state provisions, providing for entry into record of evidence excluded by trial court. 9 ALR3d 508.

2. **Evidence and Witnesses § 2148 (NCI4th)— refusal to take breathalyzer—revocation of driver's license—expert testimony excluded—not helpful to trier of fact**

There was no error in an action arising from the revocation of petitioner's driver's license in the exclusion of expert testimony concerning petitioner's ability to blow into the machine for a sufficient length of time where the testimony would not have been helpful to the trier of fact.

**Am Jur 2d, Expert and Opinion Evidence §§ 1-4.**

3. **Automobiles and Other Vehicles § 93 (NCI4th)— revocation of license—failure to give adequate breathalyzer sample—willful refusal**

The trial court properly declined to enter judgement in favor of petitioner where he had petitioned for a determination that the revocation of his driver's license for willful refusal to take a breathalyzer was erroneous and there was testimony that, while petitioner appeared to be generally cooperative, he kept putting his fingers in his mouth despite warnings to the contrary, so that the observation period had to be restarted, and that petitioner would stop blowing into the machine too early despite the officer's instructions to blow until she told him to stop. Failure to follow the instructions of the breathalyzer operator is an adequate basis for concluding that petitioner willfully refused to submit to chemical analysis. Although petitioner presented evidence that he was biting his nails out of nervousness rather than intentionally putting his fingers in his mouth, and that he could not blow into the machine because he suffered from bronchitis and because his nose had been injured in a fight, there was still competent evidence to support willful refusal and the trial judge as the trier of fact has the duty to pass upon the credibility of the witnesses.

**Am Jur 2d, Automobiles and Highway Traffic § 130.**

Suspension or revocation of driver's license for refusal to take sobriety test. 88 ALR2d 1064.

TEDDER v. HODGES

[119 N.C. App. 169 (1995)]

**Sufficiency of showing of physical inability to take tests for driving while intoxicated to justify refusal. 68 ALR4th 776.**

**4. Automobiles and Other Vehicles § 117 (NCI4th)— driver's license revocation—superior court hearing—findings**

There were sufficient findings to allow the Court of Appeals to determine whether the trial court's judgment and legal conclusions were a correct application of the law in an action arising from the revocation of petitioner's driver's license for failure to take a breathalyzer.

**Am Jur 2d, Automobiles and Highway Traffic § 144.**

**Validity and application of statute or regulation authorizing revocation or suspension of driver's license for reason unrelated to use of, or ability to operate, motor vehicle. 18 ALR5th 542.**

Appeal by petitioner from judgment entered 9 June 1994 by Judge Clarence W. Carter in Forsyth County Superior Court. Heard in the Court of Appeals 19 April 1995.

On 29 May 1994, Officer R.K. Hutchins of the Winston-Salem Police Department observed Terry Lee Tedder (hereinafter petitioner) operating a motor vehicle on Country Club Road in Winston-Salem, North Carolina. After petitioner failed to dim his headlights as he approached Officer Hutchins' vehicle, Officer Hutchins stopped petitioner's vehicle. Because petitioner performed poorly on several roadside sobriety tests, Officer Hutchins arrested petitioner for driving while impaired. Officer Hutchins transported petitioner to a breathalyzer room at the Winston-Salem Police Department where petitioner was to submit to a chemical analysis. Officer B.J. Kapps, a certified breathalyzer analyst, served as the operator of the Intoxilyzer 5000 (breathalyzer machine) for petitioner.

Before a person blows into the Intoxilyzer 5000, there is an observation period during which the person must not eat, drink, or smoke. Here, Officer Kapps informed petitioner of his rights regarding the breathalyzer machine at 10:47 p.m. and began observing petitioner at that time. At 11:10 p.m., Officer Kapps reported that petitioner put his fingers in his mouth, requiring Officer Kapps to restart the observa-

tion period. At the end of the second observation period, petitioner blew into the machine five or six times, but he never blew long enough for a sufficient sample. Officer Kapps wrote petitioner up as refusing to take the breathalyzer test and, as a consequence, petitioner's driver's license was revoked pursuant to G.S. 20-16.2. Petitioner subsequently was treated at Forsyth Memorial Hospital for an injury to his nose and for chest congestion.

Petitioner petitioned Forsyth County Superior Court for a hearing to determine whether the revocation of his license was erroneous. At the hearing, respondent presented evidence that Officer Kapps and Officer Hutchins had to tell petitioner several times not to put his fingers in his mouth. Respondent also presented evidence that although petitioner appeared cooperative, and although Officer Kapps had informed petitioner of his rights regarding the breathalyzer machine, petitioner never blew into the machine long enough to render an adequate sample. At the close of respondent's evidence, petitioner's counsel argued that respondent had failed to carry its burden of proving a willful refusal. The trial court denied petitioner's motion.

Petitioner then testified that he could not blow into the machine long enough to provide an adequate sample because he had a history of bronchitis and had been in a fight earlier on the day he tried to blow into the machine. Petitioner stated that he was a truck driver and would not intentionally refuse to blow into the machine because he knew refusal would cause him to lose his license and jeopardize his job. Petitioner's counsel then attempted to introduce the deposition testimony of Dr. Peter Alford to show *inter alia* that there was no way to prove whether or not petitioner could have blown into the machine for the required amount of time on the night in question. The trial court excluded Dr. Alford's testimony on the basis that Dr. Alford had never examined petitioner. After hearing all of the evidence, the trial court entered a judgment concluding that petitioner had willfully refused to submit to a chemical analysis and affirming the revocation of petitioner's driver's license. Petitioner appeals.

*Morrow Alexander Tash & Long, by C.R. "Skip" Long, Jr., for petitioner-appellant.*

*Attorney General Michael F. Easley, by Associate Attorney General C. Norman Young, for respondent-appellee.*

TEDDER v. HODGES

[119 N.C. App. 169 (1995)]

EAGLES, Judge.

I.

[1] Petitioner argues that the trial court erred in its refusal to consider or admit the expert opinion testimony of Dr. Alford. Respondent responds that petitioner has failed to preserve this assignment of error for appellate review.

For a party to preserve for appellate review the exclusion of evidence, "the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson,* 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). *See also River Hills Country Club v. Queen City,* 95 N.C. App. 442, 446, 382 S.E.2d 849, 851 (1989). Here, when petitioner moved to introduce Dr. Alford's deposition into evidence, respondent objected to its admission. Petitioner's counsel then told the trial court what Dr. Alford's deposition testimony would show, but the trial court ruled that it would not consider any of Dr. Alford's testimony. Respondent argues that the summary of Dr. Alford's testimony was not an offer of proof and was not sufficient to preserve petitioner's assignment of error for appellate review. After reviewing the record, we conclude that the summary of Dr. Alford's testimony given by petitioner's counsel was sufficient to clearly show us what the excluded evidence would have revealed. Accordingly, we conclude that petitioner has preserved the issue of the exclusion of Dr. Alford's testimony for appellate review and we now address the merits of this assignment of error.

[2] Petitioner argues that Dr. Alford's testimony was admissible and that the trial court erred in excluding it based solely on the fact that Dr. Alford had not personally examined petitioner. Respondent conceded at trial that Dr. Alford would qualify as an expert witness. The test for admissibility of the opinion of an expert witness is helpfulness to the trier of fact and the trial court's decision on admissibility will be reversed only for an abuse of discretion. *Jennings v. Jessen,* 103 N.C. App. 739, 745, 407 S.E.2d 264, 267-68 (1991). In appropriate situations, "an expert can base opinion testimony on other than firsthand knowledge." *Guyther v. Nationwide Mut. Fire Ins. Co.,* 109 N.C. App. 506, 516, 428 S.E.2d 238, 243 (1993). After reviewing the record, we conclude that Dr. Alford's testimony would not have been helpful to the trier of fact because it would not have helped to show whether or not petitioner willfully refused to breathe into the

machine on 29 May 1994. Accordingly, the trial court did not err in excluding Dr. Alford's deposition testimony.

## II.

[3] Petitioner also argues that the trial court erred in refusing to enter judgment in favor of petitioner at the end of respondent's evidence. Pursuant to G.S. 20-16.2(d), a driver whose license has been revoked for committing an implied-consent offense may request a hearing to determine whether:

(1) The person was charged with an implied-consent offense;

(2) The charging officer had reasonable grounds to believe that the person had committed an implied-consent offense;

(3) The implied-consent offense charged involved death or critical injury to another person, if this allegation is in the affidavit;

(4) The person was notified of his rights as required by subsection (a); and

(5) The person willfully refused to submit to a chemical analysis upon the request of the charging officer.

G.S. 20-16.2(e) provides that "[i]f the revocation is sustained after the hearing, the person whose license has been revoked has the right to file a petition in the superior court for a hearing de novo upon the issues listed in subsection (d)."

Petitioner argues that the trial court erred in failing to enter judgment in favor of petitioner at the end of respondent's evidence because respondent's evidence failed to prove that petitioner willfully refused to submit to the chemical analysis. When a trial judge sits as the trier of fact, his findings of fact and conclusions of law are conclusive on appeal if supported by competent evidence. *General Specialities Co. v. Nello L. Teer Co.*, 41 N.C. App. 273, 275, 254 S.E.2d 658, 660 (1979). "This is true even though there may be evidence in the record to the contrary which could sustain findings to the contrary." *Id.*

Here, Officer Kapps testified that after Officer Hutchins requested petitioner to take a breathalyzer test, petitioner put his fingers in his mouth and Officer Kapps had to restart the observation. Officer Kapps admitted that she had not told petitioner not to put anything in his mouth, but after he put his fingers in his mouth, she instructed him that if he did it again, he would be written up as a

refusal. Officer Kapps further testified that after the second observation period, petitioner blew into the instrument five or six times, but that "when he got the tone to start, he would stop blowing." Officer Kapps testified that she told petitioner before he started blowing that she "needed for him to blow hard enough to bring that tone on and to blow until [she] told him to stop." Officer Kapps testified that she could not tell if petitioner physically could not blow into the machine or if he was intentionally not blowing. Although Officer Hutchins testified that petitioner appeared to be generally cooperative, Officer Hutchins also testified that petitioner "kept leaning over and putting his fingers in his mouth" and that Officer Kapps and he had to tell petitioner several times not to put his fingers in his mouth or they would write him up as a refusal.

Petitioner points to our Supreme Court's decision in *Etheridge v. Peters*, 301 N.C. 76, 81, 269 S.E.2d 133, 136 (1980) where the Court stated:

[A] willful refusal to submit to a chemical test within the meaning of G.S. 20-16.2(c) occurs where a motorist: (1) is aware that he has a choice to take or to refuse to take the test; (2) is aware of the time limit within which he must take the test; (3) voluntarily elects not to take the test; and (4) knowingly permits the prescribed thirty-minute time limit to expire before he elects to take the test.

Petitioner argues that respondent did not satisfy the third element of the *Peters* test because respondent's evidence showed that petitioner voluntarily elected to take the test. We disagree. After reviewing the record, we conclude that respondent's evidence showed that petitioner failed to follow the instructions of the breathalyzer operator, Officer Kapps. Failure to follow the instructions of the breathalyzer operator is an adequate basis for the trial court to conclude that petitioner willfully refused to submit to a chemical analysis. *Bell v. Powell*, 41 N.C. App. 131, 135, 254 S.E.2d 191, 194 (1979). Accordingly, the trial court properly declined to enter judgment in favor of petitioner at the end of respondent's evidence.

III.

Petitioner also argues that the trial court erred in its refusal to enter judgment in favor of petitioner at the end of all the evidence because respondent failed to establish that petitioner willfully refused to take the breathalyzer test. After respondent presented its

evidence, petitioner testified that although the officers thought he was intentionally putting his fingers in his mouth, he was actually biting his nails out of nervousness. Petitioner also testified that he suffers from bronchitis and that he could not blow into the machine on the night in question because of his bronchitis and because his nose had been injured during a fight on that date. He insisted that he tried to blow because he knew he would lose his license and would lose his job if he was written up as a refusal.

While this evidence could have led the trial court to determine that petitioner did not willfully refuse to blow into the breathalyzer machine, we conclude that there was still competent evidence to support the trial court's conclusion that petitioner willfully refused: When the trial judge is the trier of fact, "he has the duty to pass upon the credibility of the witnesses who testify. He decides what weight shall be given to the testimony and the reasonable inferences to be drawn therefrom. The appellate court cannot substitute itself for the trial judge in this task." *Nello L. Teer Co.* at 275, 254 S.E.2d at 660. Accordingly, this assignment of error fails.

IV.

**[4]** Petitioner argues that the trial court erred in its failure to make any findings of fact to resolve why petitioner was unable to give a sufficient breath sample. G.S. 1A-1, Rule 52(a)(1) provides that in a non-jury trial, the trial court must "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." "However, the trial court need not recite every evidentiary fact presented at the hearing, but must only make specific findings on the ultimate facts established by the evidence that are determinative of the questions raised in the action and essential to support its conclusions." *Tolbert v. Hiatt*, 95 N.C. App. 380, 385, 382 S.E.2d 453, 456 (1989). In its judgment, the trial court found *inter alia*:

6. The breathalyzer operator first began observing petitioner at 10:47 p.m. Petitioner was informed of his rights regarding chemical analysis pursuant to G.S. 20-16.2 at 10:47 p.m. Petitioner indicated that he would submit to a chemical analysis of his breath.

7. Thereafter, petitioner blew into the machine five or six times but failed to give a sufficient sample for analysis each time. Petitioner was thereafter informed that he was being written up as having refused the test.

**TEDDER v. HODGES**

[119 N.C. App. 169 (1995)]

Petitioner contends that the trial court's seventh finding of fact was not an ultimate fact and was insufficient to indicate that the trial court rejected petitioner's argument that his inability to give a breath sample was not willful or was excusable under the circumstances. We disagree. Here, the trial court made findings that petitioner was informed of his rights regarding chemical analysis, petitioner indicated he would submit to the test, and petitioner blew into the machine five or six times but failed to give a sufficient sample for analysis. The purpose of requiring sufficient findings of fact is to allow "meaningful appellate review." *Hiatt* at 385, 382 S.E.2d at 456. The findings here were sufficient to allow us to determine whether the trial court's judgment and legal conclusions were a correct application of the law. Accordingly, petitioner's assignment of error fails.

V.

Petitioner also argues that the trial court's conclusion of law that petitioner willfully refused to submit to a chemical analysis is not supported by any findings of fact and is contrary to the evidence. We have already addressed this assignment of error in II. and III., *supra*, and we have concluded that the trial court's conclusion of law regarding petitioner's willful refusal is supported by adequate findings and by competent evidence in the record.

VI.

Finally, petitioner argues that the trial court erred in affirming the revocation order because it is not supported by proper findings, conclusions, and is an abuse of discretion. We have addressed the merits of this argument, *supra*, and we have concluded that this assignment of error fails.

Affirmed.

Judges MARTIN, JOHN C., and WALKER concur.