MABLE J. SHAW, ADMINISTRATRIX OF THE ESTATE OF NATHANIEL SHAW, DECEASED v. JAMES R. PEDERSEN AND REPUBLIC VAN STORAGE CO., INC.

No. 8018SC1070

(Filed 15 September 1981)

Appeal and Error § 6.2— order setting aside default judgment—order not appealable

    An order of a trial court allowing a motion pursuant to G.S. 1A-1, Rule 60(b) to set aside a default judgment is interlocutory and not appealable.

APPEAL by plaintiff from *Washington, Judge.* Order entered 31 July 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 4 May 1981.

Plaintiff instituted this wrongful death action against the individual and corporate defendants on 19 December 1979. The complaint charged defendant Pedersen with negligently striking the deceased, Nathaniel Shaw, with the International truck he was driving on I-85 as the deceased was crossing said highway on foot. Defendant Pedersen was allegedly acting as the agent of the corporate defendant Republic Van Storage Co., Inc., at the time this incident occurred. Summons and complaint were duly served upon defendants by registered mail directed to their last known addresses, both being out of state, and by service of process upon the Commissioner of Motor Vehicles as provided by law.

On 27 February 1980, entry of default as provided by G.S. 1A-1, Rule 55(a) was made in this action. Judge James M. Long entered judgment of default against defendants on 29 February 1980. In this judgment Judge Long found that although defendants were not under disability, they had failed to appear or plead in this matter within the time provided by law. The court ordered that the case be calendared for trial for the determination of damages.

Subsequently, on 7 April 1980, Judge Long conducted a hearing without a jury on the issues of damages. On 17 April 1980, he entered a judgment in which he made findings of fact and concluded as a matter of law that the injuries and death of Nathaniel Shaw resulted from the negligence of defendants, and awarded plaintiff $26,464 as damages for the wrongful death of Nathaniel Shaw.

On 3 June 1980, defendants made a motion pursuant to G.S. 1A-1, Rule 60(b) to set aside the judgment entered against them. Defendants averred in this motion that defendant Pedersen did not receive a copy of the summons and complaint and was unaware of the filing of the action against him. The process supposedly served upon defendant Pedersen had been returned to plaintiff with the notation that Pedersen had moved from the address to which it had been mailed and that Pedersen had moved from said address without leaving a forwardable address. Defendant Republic Van Storage Co., Inc., averred that at the time it had received the summons and complaint by registered mail it was itself in foreclosure proceedings, and that plaintiff's pleading had not been answered due to inadvertence resulting therefrom. The corporate defendant moved to set aside the judgments of default and the previous entry of default on the ground of excusable neglect.

By order filed 31 July 1980, Judge Edward K. Washington concluded that defendants' failure to answer the summons and complaint was the result of circumstances justifying relief from the operation of judgment as contemplated by G.S. 1A-1, Rule 60(b)(6). The court granted defendants' motion to set aside the judgment, and ordered that the final judgment of 17 April 1980 and preceding entry of default of 29 February 1980 be vacated and set aside. Defendants were allowed to file answer to the com-

plaint within twenty days of the entry of this order. Plaintiff appealed from the order setting aside the judgment of default.

*Benjamin S. Marks, Jr., and R. Horace Swizzett, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter, by Richmond G. Bernhardt, Jr., and Peter J. Covington, for defendant appellees.*

MORRIS, Chief Judge.

The judgment is interlocutory and not appealable. In the recent case of *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980), our Supreme Court held that an order of a trial court allowing a motion pursuant to G.S. 1A-1, Rule 60(b) to set aside a default judgment was interlocutory and not appealable. In so holding, the Court stated, per Justice Carlton:

> While final judgments are always appealable, interlocutory decrees are immediately appealable only when they affect some substantial right to the appellant and will work an injury to him if not corrected before an appeal from final judgment. *Id.* at 362, 57 S.E. 2d at 381; G.S. 1-277 (Cum. Supp. 1979). "A nonappealable interlocutory order . . . which involves the merits and necessarily affects the judgment, is reviewable . . . on appropriate exception upon an appeal from the final judgment in the cause." *Veazey v. Durham*, 231 N.C. at 362, 57 S.E. 2d at 381.
>
> . . .
>
> Unquestionably, the order of Judge Stevens setting aside the default judgment is interlocutory; it does not finally dispose of the case and requires further action by the trial court. Because the order is interlocutory we will not review it unless it "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey v. Durham*, 231 N.C. at 362, 57 S.E. 2d at 381; *see* G.S. 1-277.
>
> . . .
>
> If the ultimate result of a trial on the merits goes against plaintiffs, they will then be able to appeal and assign as error

the order setting aside their default judgment. No right of plaintiffs will be lost by delaying their appeal until after final judgment; their exception fully and adequately preserves their challenges to Judge Stevens' order. The absence of a right of immediate appeal will force plaintiffs to undergo a full trial on the merits instead of a trial solely on the issue of damages. Although this is a much greater burden than the necessity of a rehearing of a motion, we do not think it so difficult a burden, on the facts of this case, to elevate the order to the status of affecting a "substantial right." Avoidance of a trial, in this context, is not a "substantial right." *See Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *cf. Accoustical Co. v. Cisne and Associates, Inc.*, 25 N.C. App. 114, 212 S.E. 2d 402 (1975) (order setting aside entry of default not appealable.)

301 N.C. at 209-10, 270 S.E. 2d at 433-34. In this case plaintiff has adequately preserved the question of the appropriateness of the trial court's order setting aside the entry and judgment of default by taking exception thereto. That question may be subsequently raised, if necessary, upon an appeal from the final judgment following the trial of this action on its merits. Accordingly, plaintiff's appeal is

Dismissed.

Judges WEBB and WHICHARD concur.