CHARLES VERNON FLOYD, JR. AND SONS, INC.; MARY ANN FLOYD, INDIVIDUALLY; AND MARY ANN FLOYD, EXECUTRIX OF THE ESTATE OF CHARLES VERNON FLOYD, JR. v. CAPE FEAR FARM CREDIT, ACA

No. 27A98

(Filed 5 February 1999)

**Appeal and Error— notice of appeal—reference only to judgment—review of interlocutory order**

Although plaintiff's notice of appeal referred only to the judgment entered by the trial court and not to an earlier order entered by the trial court during the trial requiring an election of remedies by plaintiffs between an unfair or deceptive practices claim and a contract claim, the interlocutory order compelling election of remedies was reviewable on appeal along with the final judgment pursuant to N.C.G.S. § 1-278 since plaintiffs' objection at trial to this order properly preserved the question for appellate review, and the order involved the merits and affected the judgment because it deprived plaintiffs of one of their claims.

Justices MARTIN and WAINWRIGHT did not participate in the consideration or decision of this case.

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, 127 N.C. App. 753, 493 S.E.2d 499 (1997), affirming a judgment entered by Herring, J., on 19 May 1995 in Superior Court, Robeson County. Heard in the Supreme Court 30 September 1998.

**FLOYD AND SONS, INC. v. CAPE FEAR FARM CREDIT**

[350 N.C. 47 (1999)]

*Stubbs & Perdue, P.A., by Trawick H. Stubbs, Jr., for plaintiffs-appellants.*

*Everett, Warren, Harper & Swindell, by Edward J. Harper, II, and Lewis H. Swindell, IV, for defendant-appellee.*

MITCHELL, Chief Justice.

The sole question presented for review is whether the Court of Appeals had jurisdiction to decide whether the trial court erred when it granted defendant's motion to compel election, forcing plaintiffs to choose between their claims for breach of contract and unfair or deceptive practices[1] during the trial of this case. The Court of Appeals held it was without jurisdiction to determine this issue. For the reasons that follow, we reverse the decision of the Court of Appeals.

The record reveals that the following evidence was before the trial court. Charles Vernon Floyd, Jr., had been a prominent farmer in Robeson County for more than thirty years. Together with his wife, Mary Ann Floyd, he ran a hog production business, Charles Vernon Floyd, Jr. and Sons, Inc. The Floyds had a business relationship with defendant, Cape Fear Farm Credit, ACA (hereinafter "Farm Credit"), or its predecessors in interest dating from the mid 1970s. The Floyds obtained a line of credit from defendant's predecessor in interest which was originally secured by a deed of trust on the corporate property. Through the years, the hog business struggled, and the Floyds were forced to borrow more and more money just to stay in business. Consequently, liens were placed on the Floyds' personal residence and a beach condominium to secure the additional debt. In 1986, the Floyds assumed substantial debts of their son, James Leroy Floyd, adding to their extreme financial difficulties.

In December of 1991, the Floyds defaulted on the Farm Credit loan. In March of 1992, Farm Credit sent a letter to the Floyds announcing its intention to foreclose on their farm and personal res-

---

1. Although the record on appeal refers to this claim alternately as "unfair or deceptive trade practices" and "unfair trade practices," we note here that the 1977 amendment to N.C.G.S. § 75-1.1 deleted the term "trade" from the phrase "trade or commerce" and rewrote subsection (b) to read: "For purposes of this section, 'commerce' includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." N.C.G.S. § 75-1.1(b) (1994). This revision was intended to expand the potential liability for certain proscribed acts. *See Talbert v. Mauney,* 80 N.C. App. 477, 343 S.E.2d 5 (1986). In this opinion, we will refer to this claim as "unfair or deceptive practices."

**FLOYD AND SONS, INC. v. CAPE FEAR FARM CREDIT**

[350 N.C. 47 (1999)]

idence if the total indebtedness was not paid in full within five days. After an attempt to pay their arrearages failed, the Floyds received a "Notice of Sale" informing them that their property was to be sold on 16 June 1992.

The Floyds met with an agent of Farm Credit on 3 June 1992 and negotiated a forbearance agreement whereby, in exchange for additional security, Farm Credit would postpone the foreclosures of the Floyds' property and postpone publication of the newspaper advertisements of the notice of sale. However, despite this agreement, a single advertisement of the foreclosure sale of the Floyd home appeared in *The Robesonian* on 5 June 1992.

Following this turn of events, on 13 June 1992, Charles Vernon Floyd, Jr., committed suicide. Subsequently, Mary Ann Floyd was appointed executrix of the estate of her husband and together with her son, James Leroy Floyd, initiated this action against defendant, Farm Credit, on 12 October 1992. The complaint asserted several causes of action against defendant including wrongful death, intentional and negligent infliction of emotional distress, loss of consortium, unfair or deceptive practices, breach of the duty of good faith, and breach of contract. By order dated 6 January 1995, the trial court granted summary judgment for defendant upon all claims except the wrongful death, unfair or deceptive practices, and contract claims.

During a trial by jury at the 17 April 1995 session of Superior Court, Robeson County, defendant filed a motion to compel election, seeking to require plaintiff Mary Ann Floyd, individually and in her representative capacity, to elect whether she would seek recovery for mental anguish damages arising from breach of contract or seek recovery for alleged unfair or deceptive practices.[2] On 1 May 1995, the trial court granted defendant's motion, and plaintiffs were forced to make an election to pursue one or the other of their claims. As a result, plaintiffs abandoned their breach of contract claim and elected to proceed instead on their claim for unfair or deceptive practices. At the close of the evidence, the trial court granted defendant's motion for directed verdict as to plaintiffs' wrongful death claim. The jury returned a verdict for defendant on the unfair or deceptive practices claim, and on 19 May 1995, the trial court entered judgment accordingly.

2. We note that although the motion to compel election referred solely to Mary Ann Floyd as *plaintiff*, the trial court's order simply required *all plaintiffs* to make their elections.

On 25 October 1995, plaintiffs filed a notice of appeal from the trial court's judgment based upon the jury verdict. The Court of Appeals affirmed the trial court, holding that the trial court did not err when it failed to submit to the jury material factual issues related to defendant's breach of the forbearance agreement. *Floyd v. Cape Fear Farm Credit*, 127 N.C. App. 753, 493 S.E.2d 499 (1997). Plaintiffs also sought appellate review by the Court of Appeals of various orders entered by the trial court. The majority in the Court of Appeals concluded that it did not have jurisdiction on appeal to review the issues raised concerning such orders. The Court of Appeals concluded that it lacked such jurisdiction because the notice of appeal referred solely to the trial court's final judgment entered after the jury's verdict and made no reference to other orders entered at trial which plaintiffs sought to appeal. The dissent concluded that the Court of Appeals did not lack jurisdiction and that the trial court's order requiring an election should be addressed on appeal. On 8 July 1998, this Court denied plaintiffs' and defendant's petitions for discretionary review. Thus, the only issue before us is the one brought forth by virtue of plaintiffs' appeal as of right based upon the dissent.

In reaching its decision, the majority in the Court of Appeals concluded that it lacked jurisdiction to review the trial court's order requiring plaintiffs to elect whether to proceed on their unfair or deceptive practices claim or their breach of contract claim. The Court of Appeals relied on Rule 3 of the North Carolina Rules of Appellate Procedure which provides in pertinent part: "The notice of appeal . . . shall designate the judgment or order from which appeal is taken . . . ." N.C. R. App. P. 3(d). Plaintiffs gave notice of appeal from the judgment entered by the trial court on 19 May 1995 but made no specific reference to the earlier order compelling an election which had been filed on 1 May 1995. Because plaintiffs' notice of appeal referred only to the judgment entered by the trial court on 19 May 1995 and not to the earlier order compelling election, the Court of Appeals determined that it did not have jurisdiction to review the earlier order. We disagree.

While Rule 3(d) of the North Carolina Rules of Appellate Procedure is applicable, we do not find that it is controlling here. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377,

381 (1950). An order requiring an election of remedies is such an order. Ordinarily, an interlocutory order is not immediately appealable unless the order deprives the appellant of a substantial right which he will lose if the order is not reviewed before the final judgment. *See* N.C.G.S. § 1-277(a) (1996); *Adair v. Adair*, 62 N.C. App. 493, 495, 303 S.E.2d 190, 192, *disc. rev. denied*, 309 N.C. 319, 307 S.E.2d 162 (1983). Thus, a party seeking to appeal from a nonappealable interlocutory order must wait until final judgment is rendered and may then proceed as designated in Rule 3(d).

There is, however, another avenue by which an appellate court may obtain jurisdiction to review an interlocutory order. N.C.G.S. § 1-278 provides: "Upon an appeal from a *judgment*, the court may review any *intermediate order* involving the merits and necessarily affecting the judgment." N.C.G.S. § 1-278 (1996) (emphasis added). However, N.C.G.S. § 1-278 applies only to those interlocutory orders which are not immediately appealable. *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 382; *Gualtieri v. Burleson*, 84 N.C. App. 650, 655, 353 S.E.2d 652, 656, *disc. rev. denied*, 320 N.C. 168, 358 S.E.2d 50 (1987).

In the instant case, the order compelling election of remedies was entered on 1 May 1995, two days before the end of the trial. The record on appeal reflects that plaintiffs' timely objection to the order was overruled. Further, we find that the order did not deprive plaintiffs of any substantial right which would be lost absent immediate appellate review. Therefore, the order compelling plaintiffs to elect remedies was interlocutory and not immediately appealable. *See Travco Hotels, Inc. v. Piedmont Natural Gas Co.*, 332 N.C. 288, 291, 420 S.E.2d 426, 428 (1992); *Moose v. Nissan of Statesville*, 115 N.C. App. 423, 425, 444 S.E.2d 694, 696 (1994); *Pitt v. Williams*, 101 N.C. App. 402, 405, 399 S.E.2d 366, 368 (1991); *Walleshauser v. Walleshauser*, 100 N.C. App. 594, 595-96, 397 S.E.2d 371, 372 (1990). Because the election of remedies order deprived plaintiffs of one of their claims, it involved the merits and affected the judgment. "A non-appealable interlocutory order . . . which involves the merits and necessarily affects the judgment, is reviewable . . . on appropriate exception upon an appeal from the final judgment in the cause." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 382; *see Bailey v. Gooding*, 301 N.C. 205, 270 S.E.2d 431 (1980); *In re Foreclosure of Allan & Warmbold Constr. Co.*, 88 N.C. App. 693, 364 S.E.2d 723, *disc. rev. denied*, 322 N.C. 480, 370 S.E.2d 222 (1988); *Shaw v. Pedersen*, 53 N.C. App. 796, 281 S.E.2d 700 (1981).

As noted, plaintiffs duly objected to the election of remedies order at trial and gave timely notice of appeal from the 19 May 1995 final judgment entered by the trial court. Accordingly, pursuant to N.C.G.S. § 1-278, we find that the interlocutory order compelling election of remedies entered on 1 May 1995 was reviewable on appeal along with the final judgment of 19 May 1995. Furthermore, we note that it is quite clear from the record that plaintiffs sought appeal of the election order. The objection at trial to the election order properly preserved the question for appellate review. *See* N.C. R. App. P. 10(b)(1). The challenge to the trial court's order requiring plaintiffs to make an election is designated in plaintiffs' brief to the Court of Appeals as assignment of error seven. Although the election of remedies order was not specifically mentioned in the notice of appeal, we conclude that plaintiffs were entitled to appellate review of this order.

For the foregoing reasons, we conclude that the Court of Appeals had proper jurisdiction to review the order compelling election of remedies. We therefore reverse the decision of the Court of Appeals and remand to that court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justices MARTIN and WAINWRIGHT did not participate in the consideration or decision of this case.