INMAN v. INMAN

[134 N.C. App. 719 (1999)]

REGINALD B. INMAN, Plaintiff-Appellant v̇. SYLVIA M. INMAN,
Defendant-Appellee

No. COA98-1029

(Filed 7 September 1999)

**Appeal and Error— preservation of issues—timely objection—
timely notice**

Plaintiff-husband did not preserve his right to appeal the trial court's decision that the separation and property settlement agreement did not bar defendant-wife from seeking equitable distribution of property acquired by the parties after their reconciliation because he did not make a timely objection to the trial court's ruling pursuant to N.C. R. App. P. 10(b)(1), and he did not appeal from the entry of the trial court's order within thirty days of its entry pursuant to N.C. R. App. P. 3(c).

Appeal by plaintiff from judgment entered 17 April 1998 by Judge V. Bradford Long in Randolph County District Court. Heard in the Court of Appeals 17 August 1999.

*C. Orville Light for the plaintiff-appellant.*

*O'Briant, Bunch, Robins & Stubblefield, by Julie H. Stubblefield, for the defendant-appellee.*

HORTON, Judge.

Reginald B. Inman (plaintiff) and Sylvia M. Inman (defendant) were married on 18 October 1987 and separated on 14 April 1991. On 19 April 1991, the parties entered into a settlement of all matters arising from their marriage. In the portion of their "Separation Agreement and Property Settlement" (Agreement) labeled "Separation Agreement" the parties agreed to live separate and apart from each other, and in the portion labeled "Property Agreement" they agreed on a division of their real and personal property. In a portion of the Agreement labeled "Final Provisions" the parties agreed that they were making a settlement under the North Carolina Equitable Distribution Act and were executing the Agreement pursuant to the provisions of N.C. Gen. Stat. § 50-20(d) (1995). The Agreement contained the following provision relating to the effect of a reconciliation on the property settlement portion of the Agreement:

11. EFFECT OF RECONCILIATION ON PROPERTY SETTLE-MENT. In the event of reconciliation and resumption of the marital relationship between the parties, the provisions of this Agreement for settlement of property rights shall nevertheless continue in full force and effect without abatement of any term or provision hereof, except as otherwise provided by written agreement duly executed by each of the parties after the date of reconciliation.

The parties reconciled in April 1992 and lived together as husband and wife until May 1995, at which time they again separated. The plaintiff filed for absolute divorce in September 1996. The defendant filed a verified answer, in which she asserted counterclaims for equitable distribution, postseparation support, permanent alimony, and attorney fees. The plaintiff then filed a reply to the defendant's counterclaims, pleading the Agreement in bar, and praying that the defendant's counterclaims be dismissed with prejudice.

On 11 February 1997, a judgment of absolute divorce was entered without prejudice to the other pending claims. On 10 June 1997, the trial court considered plaintiff's motion to dismiss and concluded that the portion of the Agreement "purporting to waive the Defendant's rights to future alimony and/or support is void as against public policy." The trial court further concluded that the defendant's counterclaim for equitable distribution was barred by the Agreement as to property acquired before the reconciliation of the parties; however, as to property acquired after the parties reconciled the trial court ruled that equitable distribution was not barred. The order was signed by the trial court on 10 June 1997 and filed on 11 June 1997 in the Office of the Clerk of Court for Randolph County. The record reflects no objection to the order by either party, nor was notice of appeal entered by either party.

After numerous continuances, a pretrial order was executed by all parties and counsel on 3 February 1998. The order provided in pertinent part as follows:

2. Plaintiff and Defendant were married October 18, 1987 then separated April, 1991 and entered into a Separation Agreement and Property Settlement. Plaintiff contends that he and the Defendant reconciled on or about May 1, 1992, the Defendant contends that she and the Plaintiff reconciled sometime in April, 1992. Only property acquired after the reconcilia-

tion and improvements made to Plaintiff's property after the date and time of reconciliation are included.

3. The Plaintiff and Defendant again separated May 19, 1995.

4. The date of valuation is May 19, 1995.

5. An equal division is an equitable division.

The pretrial order then set out several issues with regard to classification, valuation, and distribution of those items of property acquired after the parties' reconciliation. Following a bench trial on 18 March 1998, the trial court concluded that the parties had acquired marital property valued at a total of $13,909.65 after their reconciliation. The trial court further found that all marital property was in the possession of the plaintiff, and distributed all items of marital property to plaintiff. Plaintiff was ordered to pay a distributive award of $6,954.82 (one-half of the value of the marital estate) to the defendant within ten days.

On 15 April 1998, plaintiff caused a notice of appeal to be filed with the Clerk and served a copy of the same on counsel for the defendant. No written judgment had been entered at that time. The Notice of Appeal read as follows:

NOW COMES the Plaintiff by and through counsel, and excepts and gives Notice of Appeal to the North Carolina Court of Appeals from the Judgment of the Court on March 18, 1998, entered in this cause on _____, and filed on _____, the Honorable V. Bradford Long presiding.

The Plaintiff, by and through his counsel of record, specifically objects and takes exception to those parts of the judgment entered in this cause as aforesaid to wit, the Plaintiff's Motion to Dismiss.

The Plaintiff reserves further exceptions to be served with the Case on Appeal in this cause.

A written equitable distribution judgment was entered on 17 April 1998.

On appeal, plaintiff argues one question: "Does the separation agreement and property settlement as written bar the defendant from claiming equitable distribution in property acquired after a reconcili-

ation?" We hold that plaintiff did not preserve his right to appeal from the order entered on 11 June 1997 in which the trial court ruled that the separation and property settlement agreement did not bar defendant from seeking equitable distribution of property acquired by the parties after their reconciliation.

Rule 3 of the North Carolina Rules of Appellate Procedure specifically directs that an "[a]ppeal from a judgment or order in a civil action . . . must be taken within 30 days after its entry." N.C.R. App. P. 3(c). The notice of appeal must be filed with the clerk of superior court, served on opposing parties, and "shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken . . . ." N.C.R. App. P. 3(d). In this case, the plaintiff did not appeal from the entry of the trial court's order filed 11 June 1997, which partially denied his plea in bar, within thirty days of its entry.

Our Supreme Court has recently ruled that, if an interlocutory order is entered during the pendency of litigation, a party can later seek appellate review of that interlocutory order under the provisions of N.C. Gen. Stat. § 1-278, which provides that "[u]pon an appeal from a *judgment*, the court may review any *intermediate order* involving the merits and necessarily affecting the judgment." *Floyd and Sons, Inc. v. Cape Fear Farm Credit*, 350 N.C. 47, 51, 510 S.E.2d 156, 159 (1999). In *Floyd*, however, the Supreme Court makes it clear that the right to appeal from such intermediate orders is not unlimited: first, N.C. Gen. Stat. § 1-278 applies only to orders which are interlocutory and thus not immediately appealable; second, the appellant must have preserved his right to appeal by a "timely objection to the order" from which he seeks to appeal. *Id.* In *Floyd*, the ruling to which appellant objected was made during the actual trial of the case and only days before final judgment in that case. The Supreme Court recited in its opinion the actions of the appellant in *Floyd* which preserved the right of appeal:

In the instant case, the order compelling election of remedies was entered on 1 May 1995, two days before the end of the trial. The record on appeal reflects that *plaintiffs' timely objection to the order was overruled. . . .*

As noted, *plaintiffs duly objected to the election of remedies order at trial* and gave timely notice of appeal from the 19 May 1995 final judgment entered by the trial court. Accordingly, pursuant to N.C.G.S. § 1-278, we find that the interlocutory order

compelling election of remedies entered on 1 May 1995 was reviewable on appeal along with the final judgment of 19 May 1995. Furthermore, we note that it is quite clear from the record that plaintiffs sought appeal of the election order. *The objection at trial to the election order properly preserved the question for appellate review. See* N.C.R. App. P. 10(b)(1).

*Id.* at 51-52, 510 S.E.2d at 159 (emphasis added).

Rule 10(b)(1) of the Rules of Appellate Procedure provides in part that

[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. . . . Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal *by objection noted or which by rule or law was deemed preserved or taken without any such action,* may be made the basis of an assignment of error in the record on appeal.

N.C.R. App. P. 10(b)(1) (emphasis added). In this case, plaintiff made no such objection to the ruling of the trial court which partially denied his plea in bar, nor did he preserve his right to appeal in any other manner. Thus, assuming *arguendo* that the order of 11 June 1997 was an interlocutory order, that order is not reviewable on this appeal.

As to the equitable distribution judgment entered herein on 17 April 1998 from which plaintiff did enter notice of appeal, he brings forward no assignments of error with regard to the judgment, subjecting his appeal to dismissal. In the interests of justice, however, we have carefully reviewed the entire record and find no reason to disturb the judgment of the trial court.

Appeal dismissed.

Judges GREENE and TIMMONS-GOODSON concur.