GEORGE L. GAUNT, BARBARA G. FIELDS, CENTER FOR REPRODUCTIVE MEDI-
CINE, P.A., DONALD S. HORNER, AND DONALD S. HORNER, P.A., PLAINTIFF-
APPELLANTS v. DONALD E. PITTAWAY, NANCY O. TEAFF, JACK L. CRAIN, DANIEL
B. WHITESIDES, RICHARD L. WING, CAROLYN B. COULAM, MORGAN D.
GAINOR, CHARLES J. GAINOR, SHELLEY J. MOORE, KEVIN C. MOORE, AND
THE NALLE CLINIC, DEFENDANT-APPELLEES

No. COA98-823

(Filed 2 November 1999)

1. **Appeal and Error— preservation of issues—judgments and
   orders from which appeal taken**

   Plaintiffs' request for appellate review of orders entered prior
   to 24 June 1997 under N.C.G.S. § 1-278 was immediately defeated
   by their failure to object to the orders. Even construing plaintiffs'
   notice of appeal liberally, it does not give rise to any inference,
   reasonable or otherwise, of an intent to appeal orders issued
   other than the 24 June orders and judgments.

2. **Libel and Slander— limited purpose public figures—state-
   ments of opinion—no malice**

   The trial court did not err by granting summary judgment for
   defendants on libel claims arising from statements in a newspa-
   per article about a doctor and clinic where plaintiffs were limited
   purpose public figures who had the burden of proving actual mal-
   ice. These were statements of opinion affecting matters of pubic
   concern; moreover, even if the statements were not matters of
   opinion, plaintiffs failed to show malice.

Appeal by plaintiffs from orders and judgments entered 24 June
1997 by Judge Marvin K. Gray in Mecklenburg County Superior Court.
Heard in the Court of Appeals 30 March 1999.

*Wood & Francis, PLLC, by John S. Austin; Wyrick, Robbins,
Yates & Ponton, LLP, by Gary V. Mauney; for plaintiff-
appellants.*

*Jones, Hewson & Woolard, by Harry C. Hewson and Lawrence
J. Goldman, for defendant-appellees Jack L. Crain, Daniel B.
Whitesides, Richard L. Wing, and The Nalle Clinic.*

*Koy E. Dawkins, P.A., by Koy E. Dawkins, for defendant-
appellee Carolyn B. Coulam.*

*Dean & Gibson, L.L.P., by Michael G. Gibson and John W. Ong, for defendant-appellee Donald E. Pittaway.*

*F. Kevin Mauney for defendant-appellees Morgan D. Gainor and Charles J. Gainor.*

McGEE, Judge.

This case arose from a newspaper story entitled " 'Miracle Baby' Attempts Raise Questions" (the story), which was published in *The Charlotte Observer* on 15 September 1991. The story was about infertility treatment, with special emphasis on *in vitro* fertilization and the type of medical training expected of physicians performing that procedure. The story focused on plaintiffs George L. Gaunt (Gaunt) and the Center for Reproductive Medicine, P.A. (the Center). Defendants Jack L. Crain, Richard L. Wing and Daniel B. Whitesides, all of whom were shareholders and employees of defendant The Nalle Clinic, are infertility specialists and were interviewed for the newspaper story as to their opinions of Gaunt's expertise as an infertility specialist and his work at the Center. Plaintiffs allege that several of the statements made by defendants Crain, Wing, and Whitesides in the story, and the interviews leading up to its publication, were defamatory and constituted unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1.

Defendant Donald E. Pittaway, Director of Reproductive Endocrinology at Bowman Gray School of Medicine, was similarly interviewed for the story and made several statements regarding his opinion of Gaunt's training and expertise in the field of *in vitro* fertilization. Pittaway also made statements to the effect that, in his opinion, Gaunt made a practice of ordering tests that were unnecessary or excessive. Plaintiffs filed this action alleging these statements were defamatory and constituted an unfair and deceptive practice.

Defendants moved to dismiss plaintiffs' claims for unfair and deceptive practices pursuant to N.C.R. Civ. P. 12(c), and the trial court granted the motion on 10 May 1994. Defendants then moved for partial summary judgment pursuant to N.C.R. Civ. P. 56(c) on the issue of whether plaintiffs were public figures for purposes of the newspaper story. Plaintiffs moved to strike certain exhibits defendants offered supporting their motion for partial summary judgment. Plaintiffs' motion to strike was denied and the trial court granted defendants' motion for partial summary judgment determining plaintiffs were public figures for purposes of the story in orders entered 25

July 1995. Defendants then moved for summary judgment on plaintiffs' defamation claims. These motions were subsequently granted in orders and judgments entered on 24 June 1997. Plaintiffs timely filed a notice of appeal of the 24 June 1997 orders and judgments on plaintiffs' defamation claims.

On appeal, plaintiffs argue the trial court erred in: (1) dismissing plaintiffs' claims of unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1; (2) granting defendants' motions for partial summary judgment, thereby establishing plaintiffs' status as limited purpose public figures; and (3) granting defendants' motions for summary judgment on plaintiffs' defamation claims.

I.

[1] Before addressing the arguments, however, we first consider whether the plaintiffs' appeals are properly before us. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 246, 507 S.E.2d 56, 59 (1998) (citing *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980)). Defendants filed a motion to strike plaintiffs' first assignment of error for plaintiffs' failure to designate all judgments and orders from which appeal was taken. Plaintiffs filed a response arguing that the first assignment of error was properly before our Court.

The substituted notice of appeal in the amended record on appeal stated:

> Plaintiffs George L. Gaunt and Center for Reproductive Medicine, P.A. hereby give notice of appeal to the North Carolina Court of Appeals from those Orders and Judgments by the Honorable Marvin K. Gray signed and filed in this action on June 24, 1997, granting all the defendants' motions for summary judgment, dismissing plaintiffs' actions with prejudice, and taxing costs against plaintiffs.

The substituted notice of appeal in the amended record on appeal clearly did not designate appeal from the orders entered by the trial court prior to 24 June 1997. The substituted notice of appeal in the amended record on appeal in this case designates appeal only from the "Orders and Judgments" the trial court entered on 24 June 1997. N.C.R. App. P. Rule 3(d) requires that the notice of appeal "designate the judgment or order from which appeal is taken[.]" Our Court has stated that a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result

in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156-57, 392 S.E.2d 422, 424 (1990). Even construing plaintiffs' notice of appeal liberally, it does not give rise to any inference, reasonable or otherwise, of an intent to appeal orders issued other than the 24 June 1997 orders and judgments.

The question before us then is whether the orders entered prior to 24 June 1997, which are not designated in the notice of appeal, are nevertheless reviewable. Defendants' motion to strike was directed only to plaintiffs' first assignment of error which addresses the trial court's order dismissing plaintiffs' claim of unfair and deceptive practices entered 10 May 1994. However, we must also determine whether the trial court's partial summary judgment entered 25 July 1995 on the issue of whether plaintiffs were public figures for purposes of the newspaper story is reviewable.

N.C. Gen. Stat. § 1-278 (1996) provides that: "Upon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." Defendants argue in their motion to strike that although plaintiffs may obtain review of the public figure partial summary judgment, plaintiffs may not assign error to the unfair and deceptive practices claim under N.C.G.S. § 1-278 because that claim did not involve the merits of the remaining claims of defamation and libel and did not affect the judgment. Plaintiffs disagree, arguing that case law establishes that the merits were involved, and courts interpret "necessarily affecting the judgment" broadly.

Our Supreme Court recently set out in *Floyd and Sons, Inc. v. Cape Fear Farm Credit*, 350 N.C. 47, 51-52, 510 S.E.2d 156, 158-59 (1999) the conditions under which an interlocutory order may be reviewed under N.C.G.S. § 1-278: (1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment.

Our Supreme Court twice noted in *Floyd* that the plaintiffs timely objected to an order that was later found to be reviewable on appeal under N.C.G.S. § 1-278 despite the order's absence from the notice of appeal. *Floyd*, 350 N.C. at 51-52, 510 S.E.2d at 159. The order in *Floyd* to which the plaintiffs objected was made during the actual trial of the case and only days before the final judgment. However, the orders

in the case before us were pre-trial orders dismissing one claim and granting partial summary judgment as to another issue. *Id.* at 49, 510 S.E.2d at 158. The Court stated in *Floyd* that "plaintiffs' timely objection to the order was overruled[,]" "plaintiffs duly objected to the election of remedies order at trial" and "it [was] quite clear from the record that plaintiffs sought appeal of the election order." *Id.* at 51-52, 510 S.E.2d at 159. Our Supreme Court concluded that "[t]he objection at trial to the election order properly preserved the question for appellate review." *Id.* at 52, 510 S.E.2d at 159. The record in the case before us, unlike *Floyd*, reflects nothing that could be construed as an objection by plaintiffs to the orders entered by the trial court prior to 24 June 1997.

Citing *Floyd*, our Court recently held in *Inman v. Inman*, 134 N.C. App. 719, 518 S.E.2d 777 (1999), that the plaintiff did not preserve his right to appeal from an order which was not issued at trial and which was omitted from the notice of appeal because, under N.C.G.S. § 1-278 and the *Floyd* opinion, the plaintiff did not object to the ruling of the trial court denying his relief in part. The plaintiff in *Inman* moved to dismiss a judgment of absolute divorce on 10 June 1997, and the defendant counterclaimed for equitable distribution. The trial court found that part of the separation agreement was void as against public policy and that the defendant's counterclaim was barred as to some property, and filed an order with these findings on 11 June 1997. After a bench trial on the equitable distribution issues on 18 March 1998, the plaintiff filed notice of appeal to our Court only from the 18 March 1998 judgment and not from the 11 June 1997 order. Regarding the 11 June 1997 order, our Court stated that "[t]he record reflects no objection to the order by either party, nor was notice of appeal entered by either party." *Inman*, 134 N.C. App. at 720, 518 S.E.2d at 778. Our Court then held that

> plaintiff made no such objection to the ruling of the trial court which partially denied his plea in bar, nor did he preserve his right to appeal in any other manner. Thus, assuming *arguendo* that the order of 11 June 1997 was an interlocutory order, that order is not reviewable on this appeal.

*Id.* at 723, 518 S.E.2d at 780.

The issue in the case now before us is very similar to the issue in *Inman* and this Court is bound by *Inman*. *See In The Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("We hold . . . that a panel of the Court of Appeals is bound by a prior

decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court.").

Plaintiffs' request for appellate review of the orders entered prior to 24 June 1997 under N.C.G.S. § 1-278 is immediately defeated for plaintiffs' failure to object to the orders, and discussion of the two other requirements for review of an intermediate order under *Floyd* is obviated. Therefore, pursuant to N.C.R. App. P. Rule 4(b), we do not address the 10 May 1994 order dismissing plaintiffs' action for "unfair and deceptive acts or practices" for failure to state a claim nor the orders entered 25 July 1995 granting defendants' motions for partial summary judgment on the public figure issue.

## II.

[2] Plaintiffs argue that the trial court erred by granting summary judgment to defendants on plaintiffs' claims of defamation. Our Court's standard of review on appeal from summary judgment requires a two-part analysis. Summary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c); *see also Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 393-94, 499 S.E.2d 772, 775 (1998). Once the party seeking summary judgment makes the required showing, the burden shifts to the non-moving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial. *Id.* at 394, 499 S.E.2d at 775; *see also Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

There are two separate torts encompassed by the term "defamation," being libel and slander. Generally, "libel is written while slander is oral." *Phillips v. Winston-Salem/Forsyth County Bd. of Educ.*, 117 N.C. App. 274, 277, 450 S.E.2d 753, 756 (1994), *disc. review denied*, 340 N.C. 115, 456 S.E.2d 318 (1995). "[W]hen defamatory words are spoken with the intent that the words be reduced to writing, and the words are in fact written, the publication is both slander and libel." *Id.* at 278, 450 S.E.2d at 756, *quoting Clark v. Brown*, 99 N.C. App. 255, 261, 393 S.E.2d 134, 137, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 675 (1990). However, since plaintiffs' complaint and arguments on appeal are based entirely upon libel, we address only the issue of libel.

> This Court has defined libel *per se* as a publication which, *when considered alone without explanatory circumstances*: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace.

*Aycock v. Padgett*, 134 N.C. App. 164, 166, 516 S.E.2d 907, 909 (1999).

In its 25 July 1995 order, the trial court determined that plaintiffs were limited-purpose public figures for purposes of the newspaper story. That ruling will not be reviewed on appeal for the reasons stated above. Individuals found to be limited-purpose public figures bear the burden of proving that alleged defamatory statements against them were published with actual malice in order to recover damages. *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686 (1964); *see also Gertz v. Welch*, 418 U.S. 323, 41 L. Ed. 2d 789 (1974), *cert. denied*, 459 U.S. 1226, 75 L. Ed. 2d 467 (1983). The United States Supreme Court has defined "actual malice" as publication of a statement with knowledge that it was false or with reckless disregard as to whether it was false. *New York Times Co.* at 279-80, 11 L. Ed. 2d at 706. Proving reckless disregard requires the plaintiff to offer "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [the] publication." *St. Amant v. Thompson*, 390 U.S. 727, 731, 20 L. Ed. 2d 262, 267 (1968).

Because plaintiffs are limited-purpose public figures, they bear the burden of not only showing that defendants knew of the falsity of their statements, but also of proving that defendants acted with actual malice. Whether a plaintiff has proven actual malice on the part of a defendant is a matter that is properly determined by the trial court. *See Proffitt v. Greensboro News & Record*, 91 N.C. App. 218, 371 S.E.2d 292 (1988). When a public figure's libel action is considered at the summary judgment stage, "the appropriate question for the trial judge is whether the evidence in the record would allow a reasonable finder of fact to find either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not." *Id.* at 221, 371 S.E.2d at 293-94 (citation omitted).

The United States Supreme Court has held that statements of opinion relating to matters of public concern which do not contain provable false connotations are constitutionally protected. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 111 L. Ed. 2d 1 (1990). Our review of the record in this matter reveals that the statements made by

defendants are statements of opinion affecting matters of public concern within the context of *Milkovich. See id.* at 19, 111 L. Ed. 2d at 18. Assuming *arguendo* that defendants' statements were not matters of opinion, plaintiffs failed to show malice on the part of defendants. For the foregoing reasons, the trial court did not err in granting summary judgment to the defendants on plaintiffs' defamation claims.

Affirmed.

Judges GREENE and MARTIN concur.