TOMIKA INVESTMENTS, INC., TOMIKA INVESTMENT CO. AND THOMAS LATIMER, PLAINTIFFS v. MACEDONIA TRUE VINE PENTECOSTAL HOLINESS CHURCH OF GOD, INC., DEFENDANT

No. COA98-1387

(Filed 1 February 2000)

### 1. Deeds— designation of corporate grantee—erroneous name

The trial court did not err by granting summary judgment for plaintiff on defendant's claim that a deed of church property from defendant to plaintiff was void because plaintiff's name was shown on the deed as "Tomika Investments, Inc." rather than "Tomika Investment Company." A misnomer in the name of a corporate grantee does not render the conveyance void; here, there is only a latent ambiguity in the deed and no evidence that defendant was prejudiced.

### 2. Evidence— relevance—unstated theory of case

The trial court did not abuse its discretion in an action involving the transfer of church property by excluding video evidence of the value of the property where defendant argued that the evidence was relevant to establishing a claim of equitable mortgage, but neither the pleadings, the pretrial conference, nor the trial itself show any attempt by defendant to advance that theory. While defendant's exception to the court's ruling preserves the relevance issue, it is not true that any legal theory that might have been supported by that evidence may be asserted on appeal.

### 3. Appeal and Error— preservation of issues—motion for jnov—unstated theory of case

The trial court did not err by denying defendant's motion for a jnov in an action arising from the transfer of church property

where defendant sought to have the evidence reviewed as if it had been tried on the theory of equitable mortgage, but the record clearly indicates that defendant did not attempt to raise this issue at any time preceding or during trial. It will not be considered for the first time on appeal.

This opinion supersedes the previous opinion filed on 2 November 1999, 135 N.C. App. 476.

Appeal by defendant from judgment entered 22 May 1998 by Judge Melzer A. Morgan, Jr., in Forsyth County Superior Court. Originally heard in the Court of Appeals 24 August 1999. An opinion affirming the judgment of the trial court was filed by this Court on 2 November 1999. Defendant's Petition for Rehearing was filed on 7 December 1999, granted on 6 January 2000, and heard without additional briefs or oral argument. This opinion supersedes the previous opinion filed on 2 November 1999.

In 1990, Macedonia True Vine Pentecostal Holiness Church of God, Inc. (Macedonia, or defendant), obtained a loan from Piedmont Federal Savings and Loan Association (Piedmont) and secured the loan with its real estate holdings, including its church buildings. Macedonia frequently had difficulty making the monthly payments in a timely manner. In August 1996 Piedmont sent a notice of foreclosure to Macedonia in response to the church's latest period of delinquency. The foreclosure sale was scheduled for 22 January 1997. Macedonia attempted to make other arrangements for financing but was unable to do so. Five days before the scheduled foreclosure sale, Macedonia retained Jay Parker (Parker) to attempt to find a lender to prevent the loss of the property at foreclosure. Parker negotiated with Thomas Latimer, the sole shareholder of Tomika Investment Company (Tomika), an arrangement whereby Macedonia would convey the property to Tomika and Tomika would pay the amount past due to Piedmont in order to prevent foreclosure, pay additional sums to other lienors (including the Internal Revenue Service), and allow Macedonia to lease the same property with an option to repurchase it. This agreement between Macedonia and Tomika was reached on 21 January 1997, the day before the foreclosure sale was scheduled and documents were prepared on the evening of that day.

Due to haste in preparing the documents, an error was made in the nomenclature of the grantee. While the proper corporate name was "Tomika Investment Company," it appeared as "Tomika

Investments Incorporated." Despite this variance, it appears that all parties were aware of the entities and persons with whom they were dealing.

Tomika made the necessary payment to Piedmont to prevent foreclosure, and began making the monthly payments to Piedmont as they came due. Macedonia made the first monthly rental payment to Tomika in the amount of $7,000.00, as agreed in the lease, but failed to make any subsequent payments. Due to Macedonia's failure to make timely rental payments, Tomika instituted a summary ejectment action. A magistrate ruled against Macedonia, upon which Macedonia appealed to the district court.

Macedonia filed several counterclaims and defenses, including a claim for fraud, unfair and deceptive trade practices, a loan brokers' claim under N.C. Gen. Stat. § 66-106, *et. seq.* (Cum. Supp. 1998), a claim that the deed was void because of the misstatement of the name of one of the parties, and a claim for breach of contract. Defendant sought substantial damages from plaintiff, and the matter was removed to the superior court division as a matter of right. Plaintiff moved to amend its name on the complaint to the proper name of "Tomika Investment Company," and the trial court allowed "Tomika Investment Company" to be added as an additional plaintiff. Defendant moved to join Thomas Latimer as a necessary and proper party to the litigation, and the motion was allowed. Plaintiff moved for summary judgment on defendant's counterclaims, and the trial court granted the motion as to the claim that the deed was void and as to the loan brokers' claim under N.C. Gen. Stat. § 66-106. However, the motion for summary judgment was denied as to the remaining counterclaims.

The plaintiff's claim for possession and the defendant's counterclaims for breach of contract, fraud, and unfair and deceptive trade practices were submitted to a jury which found in favor of the plaintiff, and found that defendant was indebted to plaintiff in the sum of $102,655.96. The trial court awarded attorney fees, costs, and interest to plaintiff. Defendant appealed, assigning errors.

*Parrish, Newton & Rabil, LLP, by Daniel R. Johnston, and T. Lawson Newton, for plaintiff appellees.*

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by John W. Gresham; and Tucker & Hughes, P.C., by Clarence B. Tucker, Sr., for defendant appellant.*

HORTON, Judge.

Defendant raises three questions on appeal: (I) whether the trial court erred in granting the motion for summary judgment on defendant's claim that the deed to its property was void; (II) whether the trial court erred during the trial of this matter in refusing to allow evidence that could have been used to establish the value of defendant's property; and (III) whether the trial court erred in denying defendant's motion for judgment notwithstanding the verdict.

I.

[1] Plaintiff Tomika agrees that its proper corporate name was at all times relevant hereto "Tomika Investment Company," rather than "Tomika Investments, Inc.," as shown on the deed executed by defendant Macedonia. Defendant contended in its answer and counterclaim that, because of the misnomer, the deed to Tomika was void as a matter of law. On 10 March 1998, plaintiffs Latimer and Tomika moved for summary judgment on Macedonia's defense that the deed in question was void, and the trial court granted summary judgment for plaintiffs on that issue.

Defendant cites no authority for the proposition that the deed to Tomika was void because the corporation was not correctly identified as "Company" rather than "Inc." A misnomer in the name of a corporate grantee does not render the conveyance void, however. *Gold Mining Co. v. Lumber Co.*, 170 N.C. 273, 87 S.E. 40 (1915). In *Gold Mining Company*, a deed was executed to the trustees of the "Troy (N.Y.) and North Carolina Gold Mining Company." At the time of the conveyance, however, there was no corporation by that exact name, the correct name of the corporation being "Troy and North Carolina Gold Mining Company." In discussing the disparity in the corporate name, our Supreme Court stated that "[a]s to the plaintiff being described by the wrong name in the deed, this is at most but a misnomer or latent ambiguity, which can be explained by parol evidence so as to fit the description to the person or corporation intended. . . . A corporate name is essential, but the inadvertent or mistaken use of the name is ordinarily not material if the parties really intended the corporation by its proper name. If the name is expressed in the written instrument, so that the real name can be ascertained from it, this is sufficient; but if necessary, other evidence may be produced to establish what corporation was intended." *Id.* at 277-78, 87 S.E. at 42. *See also Byrd v. Patterson*, 229 N.C. 156, 48 S.E.2d 45 (1948); *Institute v. Norwood,* 45 N.C. (Busb. Eq.) 65 (1852);

Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 10-32 (4th ed. 1994).

Here, there is only a latent ambiguity in the deed, and no evidence that defendant was prejudiced by the misstatement of Tomika's corporate name. Defendant knew it was dealing with a corporation named "Tomika Investment" or "Tomika Investments," of which defendant Latimer was President. Concurrently with the execution of the deed, Tomika executed a lease with option to buy to the defendant, and impressed its corporate seal bearing its correct corporate name on the lease. We hold that the error in designating the grantee in the deed from defendant Macedonia was not sufficient to void the deed as a matter of law, and hold that the trial court correctly granted summary judgment on this issue.

## II.

**[2]** The admissibility of evidence is governed by a threshold inquiry into its relevance. N.C. Gen. Stat. § 8C-1, Rules 401-403 (1992). Evidence is relevant if it has "any logical tendency to prove any fact that is of consequence" in the case being litigated. *State v. Wallace,* 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *dismissal allowed and disc. review denied,* 331 N.C. 290, 416 S.E.2d 398, *cert. denied,* 506 U.S. 915, 121 L. Ed. 2d 241 (1992); *see also McNinch v. Henredon Industries, Inc.,* 51 N.C. App. 250, 276 S.E.2d 756 (1981). The trial court determines whether proffered evidence is relevant to the issues being tried. *State v. Meekins,* 326 N.C. 689, 392 S.E.2d 346 (1990); *State v. Mason,* 315 N.C. 724, 340 S.E.2d 430 (1986). The defendant argues that the video evidence of the value of the church property was relevant to establishing a claim to construe the conveyance of the church property as an equitable mortgage. An "equitable mortgage" may be created when real property is conveyed together with an option to repurchase the property, where the intention of the parties at the time of the transaction was to secure a debt. *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E.2d 568 (1955). In determining whether the transaction was merely a deed with option to repurchase or was a mortgage, the fact that the value of the property conveyed was much greater than the amount of the debt secured thereby, is some evidence that the parties intended that the deed operate as a mortgage. *Id.* at 251, 87 S.E.2d at 573. Defendant further asserts that the issue of equitable mortgage is properly before this Court on review by virtue of its objection to the adverse evidentiary ruling below. We disagree.

While it is true that defendant's exception to the lower court's ruling on the video evidence preserves the issue of whether the evidence was properly excluded as irrelevant, it is not true that *any* legal theory that might have been supported by that evidence may be asserted on appeal. We have previously held that " 'the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record.' " *Tedder v. Hodges*, 119 N.C. App. 169, 173, 457 S.E.2d 881, 883 (1995) (quoting *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985)). We have carefully reviewed the record and have found no attempt by defendant to advance the theory of equitable mortgage as a basis for relief. Neither the pleadings, nor the pretrial conference that presumably narrowed the issues for trial, nor the trial itself evince any attempt by the defendant to advance that theory. Therefore, the trial court correctly considered the evidence in light of the issues presented for trial and made its ruling accordingly. This Court will not intervene where the trial court has properly weighed both the probative and prejudicial value of evidence before it.

The standard of review regarding such evidentiary rulings is abuse of discretion. *Meekins*, 326 N.C. at 696, 392 S.E.2d at 352. Because we find that the trial court did not abuse its discretion in ruling on the relevance of the video evidence, we hold that no error was committed, and thus there was no resulting prejudice to the defendant.

### III.

[3] A motion for judgment notwithstanding the verdict (JNOV) "is essentially a directed verdict granted after the jury verdict." *In Re Will of Buck*, 130 N.C. App. 408, 410, 503 S.E.2d 126, 129 (1998), *aff'd*, 350 N.C. 621, 516 S.E.2d 858 (1999).

> In considering a motion for JNOV, the trial court is to consider all evidence in the light most favorable to the party opposing the motion; the nonmovant is to be given the benefit of every reasonable inference that legitimately may be drawn from the evidence; and contradictions must be resolved in the nonmovant's favor.

*Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986); *In Re Andrews*, 299 N.C. 52, 261 S.E.2d 198 (1980). On appeal the standard of review for a JNOV is the same as that for a directed verdict, that is

whether the evidence was sufficient to go to the jury. *Alston v. Herrick*, 76 N.C. App. 246, 249, 332 S.E.2d 720, 722 (1985), *aff'd*, 315 N.C. 386, 337 S.E.2d 851 (1986). The hurdle is high for the moving party as the motion should be denied if there is more than a scintilla of evidence to support the plaintiff's *prima facie* case. *Edwards v. West*, 128 N.C. App. 570, 573, 495 S.E.2d 920, 923, *cert. denied*, 348 N.C. 282, 501 S.E.2d 918 (1998).

In the case *sub judice*, the record clearly indicates that the trial court correctly considered the evidence, giving the plaintiff the benefit of all reasonable inferences, and found that there was sufficient evidence to support the jury verdict. Although witnesses presented conflicting testimony, we emphasize that the jury is "entitled to draw its own conclusions about the credibility of the witnesses and the weight to accord the evidence." *Price*, 315 N.C. at 530, 340 S.E.2d at 413.

Defendant would have us reconsider the evidence as if the case had been tried on a theory of equitable mortgage. We decline to do so. While equitable mortgage might have been an appropriate theory on which to proceed in this case, the record clearly indicates that at no time preceding or during the trial did the defendant attempt to raise this issue or advance that theory. Therefore, we will not consider it for the first time on appeal. *Russell v. Buchanan*, 129 N.C. App. 519, 521, 500 S.E.2d 728, 730, *disc. review denied*, 348 N.C. 501, 510 S.E.2d 655 (1998).

The judgment of the trial court is

Affirmed.

Judges GREENE and TIMMONS-GOODSON concur.